THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW G. SILVA, | CASE NO. C16-0378-JCC |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| DONALD HOLBROOK, | |
| Respondent. | |

This matter comes before the Court on Petitioner Matthew G. Silva's objections (Dkt. No. 41) to the Report and Recommendation filed by the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 35). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections and ADOPTS the Report and Recommendation for the reasons explained herein.

## I.   BACKGROUND

Petitioner is a state prisoner confined in the Washington State Penitentiary in Walla Walla, Washington. In 2005, he was convicted of first-degree robbery and sentenced to a term of 150 months. In February 2013, he was released to serve the remainder of his sentence on community custody. However, in 2014, his release was revoked at a revocation hearing, and he was returned to serve the remainder of his 150-month sentence in prison. Petitioner's 2014 revocation hearing is the basis of his current 28 U.S.C. § 2254 action.

1    As outlined in Judge Theiler's Report and Recommendation, the Washington Court of

2    Appeals summarized the relevant facts of Petitioner's revocation hearing as follows. (Dkt. No.

3    35 at 2–4) (citing Dkt. No. 18, Ex. 2 at 2–4). Petitioner was served with a notice of his alleged

4    violations, a list of evidence the Department of Corrections (DOC) planned to present, and a

5    copy of his violation report, which included a recommended sanction of returning him to prison

6    for the balance of his sentence. (*Id.*) At the 2014 revocation hearing, Petitioner was found guilty

7    of four violations—(1) failure to report, (2) failure to participate in urinalysis, (3) failure to

8    participate in chemical dependency treatment, and (4) failure to pay legal financial obligations—

9    at his seventh violation process since his release in February 2013. (*Id.*) Petitioner pled guilty to

10   violations 1 and 4 and contested violations 2 and 3. (*Id.*)  However, Petitioner stated that he did

11   not report to his community corrections officer (CCO) because he was "dirty" the "whole time"

12   and had not participated in outpatient chemical dependency treatment. (*Id.*) Petitioner was found

13   guilty of all four violations. (*Id.*)

14   Petitioner's CCO's report was introduced after the hearing officer found Petitioner guilty

15   of the alleged community custody violations. (Dkt. No. 18, Ex. 5, Ex. 6, Attach. A at 32–34.)

16   The CCO painted a negative picture of Petitioner, stating that he had been "argumentative and

17   manipulative throughout the course of his time on supervision." (*Id.* at 34–36.) The CCO also

18   claimed that Petitioner failed to attend outpatient treatment, which the CCO had arranged for

19   Petitioner. (*Id.* at 35.) In response to the CCO report, Petitioner acknowledged his difficult

20   relationship with the CCO, challenged the CCO's report as lacking factual support, claimed that

21   he was not manipulative, and alleged that the CCO lied about his failure to attend treatment. (*Id.*

22   at 36–45.)

23   Petitioner then filed many state court petitions to the Washington Court of Appeals,

24   challenging his 2014 revocation of release on community custody. (Dkt. No. 18, Ex. 2.) After the

25   petitions were dismissed, he moved for discretionary review by the Washington Supreme Court.

26   (Dkt. No. 18, Ex. 7.) The Washington Supreme Court denied review without comment. (Dkt. No.

18, Ex. 8.) Petitioner now brings this timely § 2254 action to challenge the 2014 revocation of

his release on community custody. Petitioner also requested an evidentiary hearing on the state

court record (Dkt. No. 26). Respondent Donald Holbrook requested an *in camera* review of the

audio recording of Petitioner's community custody revocation hearing (Dkt. No. 30).

Judge Theiler recommends that Petitioner's motion for an evidentiary hearing be denied,

Respondent's motion for *in camera* review be denied, and this § 2254 action be dismissed with

prejudice. (Dkt. No. 35 at 2.) Judge Theiler also recommends that a certificate of appealability be

granted in part and denied in part. (*Id.*) Petitioner objects to nearly all of Judge Theiler's

recommendations. (Dkt. No. 41.)

## II.    DISCUSSION

### A.    Evidentiary Hearing

Petitioner objects to Judge Theiler's recommendation that an evidentiary hearing is

unnecessary because he claims "the issues cannot be resolved solely by reference to the state

court record." (Dkt. No. 41 at 5.) However, this Court agrees with Judge Theiler that the issues

can in fact be resolved by reference to the state court record alone. *See Totten v. Merkle*, 137

F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be

resolved by reference to the state court record."). Petitioner's objection is OVERRULED. The

Court ADOPTS Judge Theiler's recommendation to DENY Petitioner's request for an

evidentiary hearing (Dkt. No. 26).

### B.    *In Camera* Review

Petitioner does not object to Judge Theiler's recommendation that *in camera* review of

the audio recording of Petitioner's hearing is unnecessary. (Dkt. No. 35 at 7.) This Court agrees

with Judge Theiler and ADOPTS her recommendation to DENY *in camera* review of the audio

recording (Dkt. No. 30).

//

//

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

**C.      Habeas Petition**

Petitioner alleges the following grounds for habeas relief:

1.  Petitioner's federal right to due process was violated where he was denied prehearing access to legal materials to prepare for his community custody hearing, at which he was forced to represent himself.

2.  Petitioner's federal right to due process was violated where DOC provided him with written notice that the worst sanction he could receive for any violation was 30 days in jail, then imposed a sanction 33 times that amount.

3.  Petitioner's federal right to due process was violated where DOC lacks authority to sanction over 30 days but imposed 33 times that amount.

4.  Petitioner's federal right to due process was violated where, pursuant to an antiquated administrative regulation, DOC refused to allow him to be represented by an attorney.

5.  Petitioner's federal right to due process was violated where his witnesses were never called because DOC maintains a blanket practice of denying live witnesses at all community custody hearings.

6.  Petitioner's federal due process right to confront and cross-examine the reporting CCO was violated where the sole evidence presented at the hearing was hearsay and no finding of good cause to forego live testimony was entered.

7.  Petitioner's federal right to equal protection was violated where similarly situated community custody violators received sanctions of 30 days in jail or less.

8.  Petitioner's federal right to freedom from retaliation for exercising his right to access the court was violated where he was singled out for filing a civil lawsuit against his CCO.

9.  Petitioner's federal right to due process was violated where the sanction order contains no written statement of evidence relied upon or reasons for the sanction, while the record of the administrative hearing is inadequate and disputed.

10. The sanction order must be reversed because the hearing officer misapprehended the law, where he believed that his discretion to revoke existed under an outdated law that required revocation of community custody after an offender's third hearing.[1]

---

[1] The Court agrees with Judge Theiler that it is questionable whether Petitioner properly raised Ground 10 because he did not include it in his amended habeas petition to this Court. (*See* Dkt. No. 35 at 5 n.1.) However, Ground 10 appears in one of his petitions to the Washington state courts. (Dkt. No. 6 at 2–3; Dkt. No. 18, Ex. 3 at

(Dkt. No. 6 at 2–3; Dkt. No. 24 at 43; Dkt. No. 18, Ex. 3 at 10.)

    1.  <u>Exhaustion</u>

       Before seeking federal habeas relief, a state prisoner must exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b). One way a petitioner may exhaust his state remedies is by "fairly presenting" his claims in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claims. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal habeas review of a petitioner's procedurally defaulted claims are barred unless he or she can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 732 (2007).

       Respondent concedes that Petitioner properly exhausted Grounds 2, 3, and 4, but challenges that Petitioner did not properly exhaust Grounds 1 and 5–9, without addressing Ground 10. (Dkt. No. 12 at 9.) Petitioner does not object to Judge Theiler's findings on exhaustion.

       The Court agrees with Judge Theiler that Grounds 1 and 5–9 were fairly presented to the Washington Supreme Court when Petitioner included a copy of a personal restraint petition, which states Grounds 1 and 5–9, with his petition for discretionary review. (Dkt. No. 35 at 9–11.) The Court also agrees with Judge Theiler that Ground 10 was not properly exhausted because a citation to irrelevant federal cases does not provide a state court a fair opportunity to review the constitutional claim. (*Id.* at 11–12.) Additionally, the Court agrees that Petitioner failed to demonstrate cause and prejudice or a miscarriage of justice. (*Id.*at 12–13.) Therefore, the Court ADOPTS Judge Theiler's recommendations on exhaustion and Ground 10 is DENIED.

    2.  <u>Merits Review</u>

       Pursuant to the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas petition may be granted with respect to claims adjudicated on the merits in state

---

10.) Therefore, the Court agrees with Judge Theiler that because Petitioner is *pro se*, the Court will liberally construe his petition as raising Ground 10. (Dkt. No. 35 at 5) (citing *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005)).

court if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the first method, the Court may find a constitutional error only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). With respect to (d)(2), the Court may find a constitutional error only if the state court's conclusion was "more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (internal citations omitted). Petitioner carries the burden of proof and the Court is "limited to the record before the state court that adjudicated the claim[s] on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

If the Court finds there is a constitutional error, a habeas petitioner is not entitled to relief unless the error had a "substantial and injurious effect or influence on the" factfinder. *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (extending *Brecht v. Abrahamson*, 507 U.S. 619 (1993), to a federal court's collateral review of a state-court criminal judgment on a habeas petition). This has been called the "harmless error" standard. *See Kotteakos v. United States*, 328 U.S. 750 (1946). In applying the harmless error standard, the Court must determine whether the error substantially influenced the factfinder, rather than placing the burden on Petitioner to show harmful error. *O'Neal v. McAninch*, 513 U.S. 432, 436–37 (1995).

With these standards in mind, the Court will address Petitioner's claims in the order addressed by Judge Theiler.

//

1      a. *Right to Request Appointment of Counsel (Ground 4)*

2    Petitioner does not object to Judge Theiler's finding that the state court unreasonably

3 applied clearly established law set forth in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), when it

4 refused to allow him to request an attorney. (Dkt. No. 35 at 16–21; Dkt. No. 41 at 20.) *Gagnon*

5 mandates minimal due process requirements for parole revocation hearings, and was extended to

6 probation revocation hearings by *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The Supreme

7 Court held that "the decision as to the need for counsel must be made on a case-by-case basis in

8 the exercise of sound discretion by the state authority charged with responsibility for

9 administering the probation and parole system." *Gagnon*, 411 U.S. at 790. The Supreme Court

10 then articulated guidelines for assessing when to appoint counsel "*after* [petitioner is] informed

11 of his right to request counsel." *Id.* at 790 (emphasis added). The record in this case establishes

12 that Petitioner was not notified of his right to request counsel under *Gagnon*; rather, he was told

13 that he could not be represented during his revocation hearing. (Dkt. No. 18, Ex. 3.) Therefore,

14 the Court agrees with and ADOPTS Judge Theiler's recommendation. The Court of Appeals's

15 conclusion that *Gagnon* does not apply to Petitioner's community custody revocation hearing

16 was an unreasonable application of clearly established Supreme Court precedent.

17    However, Petitioner objects to Judge Theiler's recommendation that the constitutional

18 error was harmless. (Dkt. No. 35 at 21–27; Dkt. No. 41 at 20–31.) Petitioner argues, "The

19 unconstitutional blanket prohibition of counsel—take together with the total denial of legal

20 access—should result in automatic reversal." (*Id.* at 21) (citing *Matter of Cashaw*, 866 P.2d 8

21 (Wash. 1994)). However, *Cashaw* is not applicable to a federal habeas review of a state court

22 decision because, as previously stated, the Court must find that the constitutional error caused a

23 "substantial and injurious effect or influence" on the factfinder. *Fry*, 551 U.S. at 121. Prejudice is

24 not presumed. As Judge Theiler notes, the "harmfulness of the error turns on whether Petitioner

25 would have been entitled to counsel under *Gagnon*." (Dkt. No. 35 at 22.) Specifically, the

26 question is whether there is a colorable claim that petitioner did not commit the alleged

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 7

1   community custody violations, or that, even if the violations are established, "there are

2   substantial reasons which justified or mitigated the violation[s] and make revocation

3   inappropriate, and that the reasons are complex or otherwise difficult to develop or present."

4   *Gagnon*, 411 U.S. at 790. Therefore, Petitioner's objection is OVERRULED.

5          Next, Petitioner objects to Judge Theiler's finding that the revocation hearing transcript

6   provides ample evidence of guilt. (Dkt. No. 35 at 22–23; Dkt. No. 41 at 21.) Petitioner claims

7   that he "would have never entered guilty pleas if he had been afforded counsel." (*Id.* at 22.)

8   However, Petitioner's argument is without merit because the Court agrees with Judge Theiler:

9   there was ample evidence to find Petitioner guilty of all four alleged violations. (*See* Dkt. No. 18,

10  Ex. 5, Ex. 6, Attach. A at 7–13, 32.) Even if Petitioner had pled not guilty to all four violations,

11  the evidence demonstrates that the result would have been the same. Therefore, Petitioner's

12  objection is OVERRULED and the Court's evaluation focuses on whether there were substantial

13  reasons that mitigated the violations.

14         Petitioner objects to Judge Theiler's finding that the hearing officer had authority to

15  revoke Petitioner's release on community custody. (Dkt. No. 35 at 23; Dkt. No. 41 at 23.)

16  However, for reasons discussed below in the Ground 3 merits review, the Court agrees with

17  Judge Theiler and Petitioner's objection is OVERRULED.

18         Petitioner also objects that Judge Theiler did not consider his lack of notice of his right to

19  counsel along with his actual lack of counsel in her harmless error analysis. (Dkt. No. 41 at 25.)

20  However, Judge Theiler specifically recognized that the lack of notice was a constitutional error

21  and then concluded that it was harmless. Moreover, this does not justify or mitigate his

22  violations. Therefore, Petitioner's objection is OVERRULED.

23         Petitioner next objects to Judge Theiler's finding that his lack of opportunity to call

24  witnesses because he lacked counsel, although troubling, was not harmful because the record

25  does not provide sufficient indication that the witness testimony would have demonstrated

26  substantial reasons that justified or mitigated his violations. (Dkt. No. 35 at 24; Dkt. No. 41 at

27.) Petitioner submitted two declarations to illustrate what the witnesses would have said. (Dkt. No. 41-1 at 34.) A district court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (internal quotes and citations omitted). The Court has reviewed the documents and agrees that although his lack of opportunity to call witnesses was indeed troubling, the declarations do not add any new indication that there would have been a different result at the hearing. Therefore, Petitioner's objection is OVERRULED.

Petitioner also objects to Judge Theiler's recommendation that Petitioner failed to establish a coercion claim. (Dkt. No. 41 at 28.) Petitioner claims a previous hearing officer told him he could be returned to prison if he tested positive for drugs again. (Dkt. No. 24 at 31.) Judge Theiler determined that the coercion claim failed "because the conditions of his release prior to his maximum term required him to stay off drugs *and* report to his CCO." (Dkt. No. 35 at 25.) Petitioner argues "revocation for dirty urinalysis was improper" and "the hearing officer did not have to follow the CCO's recommendation." (*Id.*) Petitioner, by "emergency motion" (Dkt. No. 43), has also provided emails and a deposition transcript which he says support his "coercion and duress defense because he was illegally threatened by [his] CCO . . . and a DOC Hearings Officer." (Dkt. No. 43 at 2.) However, Petitioner's arguments are inaccurate because Washington law is clear that using drugs or failing to report to a CCO are grounds for return to total confinement, negating any claims of duress or coercion. *See* Wash. Rev. Code § 9.94A.633(2)(a); Wash. Admin. Code § 137-30-080(2); DOC Policy 350.100(XI)(C). Therefore, Petitioner's objection is OVERRULED and his emergency motion (Dkt. No. 43) is DENIED as moot.

Petitioner also objects to Judge Theiler's recommendation that he failed to establish a retaliation claim based on his assertion that his CCO retaliated against him by recommending revocation. (Dkt. No. 41 at 28.) However, as stated above, revocation was a legally authorized sanction for Petitioner's community custody violations. It was not inappropriate for the CCO to

1   recommend that sanction. Therefore, Petitioner's objection is OVERRULED.

2       Next, Petitioner objects that Judge Theiler improperly dismissed the relevancy of 5 letters

3   Petitioner could not present at the hearing. (Dkt. No. 41 at 29.) All of the letters were written in

4   January 2014 and show Petitioner's positive adjustments to the community at that time. (Dkt.

5   No. 23-1 at 54–59.) However, Judge Theiler correctly notes that the focus of the hearing in

6   question was on the time between February 2014 and July 2014 when Petitioner was not

7   reporting to his CCO. (Dkt. No. 35 at 26.) Any positive actions that occurred in January 2014 are

8   irrelevant. Therefore, Petitioner's objection is OVERRULED because the letters do not mitigate

9   the violations.

10      Finally, Petitioner argues that Judge Theiler improperly relied on her conclusion that

11  Petitioner was capable of speaking for himself to find the harmless error standard was not met.

12  (Dkt. No. 41 at 30.) However, Judge Theiler merely summarized her findings concluding that

13      [i]n sum, the record before the Court does not show that Petitioner would have been
14      entitled to appointed counsel under *Gagnon*. And even if this were a doubtful case,
        Petitioner is capable of speaking for himself, as evidenced by the hearing transcript,
15      which shows he raised many of these issues there. *See Gagnon*, 411 U.S. at 790.
        Because *Gagnon* does not require appointment of counsel in Petitioner's case,
16      DOC's failure to give Petitioner the opportunity to request counsel did not have a
        substantial and injurious effect or influence on the hearing officer's decision to
17      revoke his release.

18  The Court agrees with Judge Theiler in full. Therefore, all of Petitioner's objections are

19  OVERRULED and the Court ADOPTS Judge Theiler's recommendation to DENY Ground 4.

20          b.   *Denial of Access to Legal Materials (Ground 1)*

21      Petitioner objects to Judge Theiler's reliance on *Bounds v. Smith*, 430 U.S. 817, 821

22  (1977), and *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996), to find that the Court of Appeals's

23  decision and application of those cases was not contrary to or an unreasonable application of

24  clearly established Supreme Court law. (Dkt. No. 35 at 27; Dkt. No. 41 at 5–7.) Pursuant to

25  *Bounds*, the legal tools required to be provided "are those that the inmates need in order to attack

26  their sentences, directly or collaterally, and in order to challenge the conditions of their

1  confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and

2  perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at

3  354–55. Judge Theiler determined that Petitioner's inability to access legal materials did not fall

4  into any of these categories. (Dkt. No. 35 at 27.)

5  Petitioner challenges Judge Theiler's determination by providing case law that holds

6  revocation of parole or community custody amounts to execution of the original sentence and is

7  an integral part of any sentence. (Dkt. No. 41 at 6.) However, none of the case law cited is from

8  the United States Supreme Court. As such, when the Supreme Court's controlling legal standard

9  must be tailored or modified by the state court, as is the case here, the federal court reviewing the

10  habeas petition must defer to the state court's decision. *Moses v. Payne*, 555 F.3d 742, 754 (9th

11  Cir. 2009). The Court concludes that the state court's decision was not an unreasonable

12  application and tailoring of Supreme Court precedent. Therefore, Petitioner's objection is

13  OVERRULED.

14  Petitioner also objects that "both the Magistrate Judge and the state court overlooked

15  Petitioner's claim that RWC 72.09.190, RCW 70.48.071, King County Motion 7089 and former

16  Washington Administrative Code 289-22-200(4) amount to a state-created liberty interest in

17  access to contract legal services or necessary legal materials." (Dkt. No. 41 at 7–8) (citing Dkt.

18  No. 6 at 7–8.) However, the statutes cited by Petitioner are either inapplicable to this matter or

19  only apply to those incarcerated, not those in community custody. *See, e.g.*, Wash. Rev. Code

20  § 72.09.190 (entitled "Legal Services for Inmates" and states, "It is the intent of the legislature

21  that reasonable legal services be provided to *persons committed to the custody of the department*

22  *of corrections*.") (emphasis added). Petitioner also claims that Judge Theiler previously found

23  that "Motion 7089 and WAC 289-22-200(4) may create such a due process right" if there is an

24  actual injury. (Dkt. No. 41 at 9.) However, it seems that the Report and Recommendation

25  Petitioner references for this support in case number C04-1484-JCC-MAT was in the context of

26  finding likelihood of harm in a preliminary injunction evaluation, not a habeas petition. As such,

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 11

1  Petitioner's argument is also unpersuasive. Therefore, Petitioner's objection is OVERRULED

2  and the Court ADOPTS Judge Theiler's recommendation to DENY Ground 1.

3         c.  *Length of Sanction (Ground 3)*

4         Petitioner objects that "the Magistrate Judge essentially ignored every argument

5  [Petitioner] presented" when she rejected Ground 3 on state law grounds. (Dkt. No. 41 at 17.)

6  However, Judge Theiler was correct because "it is not in the province of a federal habeas court to

7  reexamine state-court determinations on state-law questions." *Estell v. McGuire*, 502 U.S. 62,

8  67–68 (1991). "A state court's interpretation of state law, including one announced on direct

9  appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v.*

10 *Richey*, 546 U.S. 74, 76 (2005). Therefore, Petitioner's objection is OVERRULED.

11        Petitioner also objects that *State v. Bruch*, 346 P.3d 724 (Wash. 2015), cannot

12 retroactively be applied to him because it was decided 10 years after Petitioner's conviction.

13 (Dkt. No. 41 at 17–20.) The Court of Appeals found that any community custody a defendant

14 earns

15
16      "in lieu of early release is the result of RCW 9.94A.729(5), which provides the
     DOC authority to transfer a portion of a confinement time into community custody
17      in lieu of early release. It is not the result of the trial court's community custody
     term imposed under RCW 9.94A.701." *State v. Bruch*, 346 P.3d 724[, 728] (Wash.
18      2015). In other words, for offenders who have completed their term of total
     confinement and are serving a term of community custody imposed by the court,
19      DOC does not have the authority to order their *return* to total confinement because
     that term is complete. However, DOC does maintain this authority for offenders
20      such as [Petitioner], who are serving a portion of their term of confinement on
     community custody.

21 (Dkt. No. 18, Ex. 2 at 4–7.)

22        The fact that the Court of Appeals quoted *Bruch* does not mean it applied law *ex post*

23 *facto* to Petitioner. Washington law that was in effect when Petitioner was sentenced makes it

24 clear that once a person in prison is released to community custody before serving the total term

25 of confinement, DOC maintains the authority to return the person to prison for the remainder of

26 his original term of confinement. Wash. Rev. Code. § 9.94A.729(5)(a); DOC Policy 350.100

1  (XI)(C) ("If an offender has not completed his/her maximum term of total confinement and is

2  subject to a violation hearing for any violation of community custody and is found to have

3  committed the violation, the Department may return the offender to prison to serve the remainder

4  of the prison term."). Therefore, Petitioner's objection is OVERRULED and the Court ADOPTS

5  Judge Theiler's recommendation to DENY Ground 3.

6          d.   *Due Process (Grounds 2, 5, 6, and 9)*

7          Due process in revocation hearings requires: (a) written notice of the claimed violations;

8  (b) disclosure of evidence against the petitioner; (c) opportunity to be heard in person and to

9  present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse

10 witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation;

11 (e) a "neutral and detached" hearing body; and (f) a written statement by the hearing officer as to

12 the evidence relied upon and the reasons for revoking release. *Morrissey*, 408 U.S. at 489; *see*

13 *also Gagnon*, 411 U.S. at 786. "A due process violation at a revocation proceeding is subject to

14 harmless error analysis." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

15          *Notice (Ground 2)*

16          Petitioner objects that Judge Theiler improperly "relegates Ground 2 to an aspect of

17 *Morrissey*" which "is erroneous because fundamental due process requires notice of potential

18 sanctions." (Dkt. No. 41 at 10.) However, Judge Theiler addressed notice requirements under

19 both *Morrissey* and the notice cases Petitioner cites, including *BMW v. Gore*, 517 U.S. 559

20 (1996). (Dkt. No. 35 at 34–35.) This Court agrees with Judge Theiler that under both standards,

21 the Court of Appeals's conclusion that Petitioner received written notice of the potential

22 sanctions is not contrary to or an unreasonable application of Supreme Court precedent. (See

23 Dkt. No. 35 at 33–36.) Contrary to Petitioner's assertions, he received notice of his potential

24 return to confinement even before he committed the acts that eventually led to revocation of his

25 community custody. (*See* Dkt. No. 18, Ex. 2 at 8 n.2.) Therefore, Petitioner's objection is

26 OVERRULED.

1    Additionally, Petitioner's objection that "to the extent the R&R distinguishes Ground 2

2 on the idea that the fair notice standard is not 'clearly established' within the revocation setting,

3 it should not be followed" is OVERRULED.  As indicated above, it is clear Judge Theiler did no

4 such thing and instead found the Court of Appeals correctly applied clearly established Supreme

5 Court precedent. Therefore, Petitioner's objection is OVERRULED.

6    Petitioner also objects that Judge Theiler "diminish[ed] the right to notice of potential

7 sanctions to a status subordinate to the right to notice of prohibited conduct" by rejecting the

8 applicability of *Raley v. Ohio*, 360 U.S. 423 (1959). (Dkt. No. 41 at 10.) As Judge Theiler

9 correctly notes, however, *Raley* involved affirmatively misleading directions regarding whether

10 an *action* was prohibited. (Dkt. No. 35 at 35) (citing *Raley*, 360 U.S. at 425–26). This means that

11 *Raley* is inapplicable to Petitioner's case because he is challenging the notice of *sanctions*, not

12 notice of prohibited conduct. This is not a statement on whether one right to notice is more

13 important than the other. Therefore, Petitioner's objection is OVERRULED.

14    Next, Petitioner objects that Judge Theiler "erroneously advocates ignoring" two circuit

15 court cases "solely because they are circuit authority. [Petitioner] respectfully points out that this

16 ignores the fact that these cases apply clearly established Supreme Court due process principles."

17 (Dkt. No. 41 at 14) (citing *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000)). However,

18 *Duhaime* holds that although federal courts reviewing habeas petitions cannot reverse a state

19 court decision merely because that decision conflicts with circuit precedent, circuit cases may be

20 *persuasive authority* for purposes of determining what law is clearly established. 200 F.3d at

21 600. Therefore, Judge Theiler's rejection of these two cases was correct because circuit authority

22 cannot form the basis for habeas relief, as Petitioner tries to argue, and cannot be "used to refine

23 or sharpen a general principle of Supreme Court jurisprudence into a specific rule that [the

24 Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

25 Petitioner's objection is OVERRULED.

26    Finally, Petitioner objects to Judge Theiler's characterization of his notice claim. (Dkt.

No. 41 at 12.) Petitioner argues, "Considering the written notice [Petitioner] received (which has the force of law) against verbal threats and recommendations of DOC staff (which directly contradict the written notice and do not have the force of law), the only conclusion that can be reached is that the written notice controls as a matter of law." (*Id.*at 13.) However, as Judge Theiler notes, the cases Petitioner relies on do not establish that a later notice cannot correct an erroneous notice, as occurred in this case. (Dkt. No. 35 at 34.) This Court agrees and Petitioner's objection is OVERRULED. Therefore, the Court ADOPTS Judge Theiler's recommendation to DENY Ground 2.

  *Witnesses (Ground 5)*

    Petitioner objects to Judge Theiler's recommendation that even assuming Petitioner asked to have his witnesses called and the hearing officer violated his due process rights by failing to call them, the error was harmless. (Dkt. No. 35 at 37; Dkt. No. 41 at 31–32.) Petitioner relies on *Matter of Cashaw*, 866 P.2d 8 (Wash. 1994), for the proposition that he was not required to show prejudice. (Dkt. No. 41 at 32.) However, as previously stated, *Cashaw* is inapplicable because the Court must find that there was a "substantial and injurious effect or influence" on the factfinder. *Fry*, 551 U.S. at 121. The Court agrees that although a denial of a request to call a witness would be a violation of due process, the error was harmless because it would not have had a substantial influence on the decision to revoke Petitioner's release. There was ample evidence to find Petitioner guilty. Therefore, Petitioner's objection is OVERRULED and the Court ADOPTS Judge Theiler's recommendation to DENY Ground 5.

  *Cross-examination (Ground 6)*

    Petitioner objects to Judge Theiler's finding that, assuming without deciding, the hearing officer's failure to allow Petitioner to cross-examine the CCO was a constitutional error, it did not have a substantial and injurious effect on the hearing officer's decision to revoke his release. (Dkt. No. 35 at 45; Dkt. No. 41 at 33.) Petitioner argues that the hearing officer stated that his decision to revoke community custody was based "in part" on the CCO's adjustment. (*Id.* at 33;

1   Dkt. No. 22-1 at 25.) Petitioner also argues that he "could have proven that the CCO lied about

2   arranging outpatient treatment" if he has been allowed to cross-examine the CCO. (Dkt. No. 41

3   at 33.)

4        However, the CCO's report was introduced after the hearing officer found Petitioner

5   guilty of the alleged community custody violations. (Dkt. No. 18, Ex. 5, Ex. 6, Attach. A at

6   32–34.) Moreover, although the hearing officer took into account the CCO's adjustment option

7   and allegations, his decision to revoke primarily was based on Petitioner's community custody

8   violations, for which there was ample evidence, and failure to try to get into treatment. (*Id.* at 46,

9   47, 49.) Taken together, the Court concludes the potential constitutional error did not cause a

10  substantial or injurious effect on the factfinder. As such, Petitioner's objection is OVERRULED

11  and the Court ADOPTS Judge Theiler's recommendation to DENY Ground 6.

12        *Inadequate written statement and materially disputed record (Ground 9)*

13        Petitioner objects to Judge Theiler's finding that "[a]ssuming without deciding that

14  Petitioner's report form does not satisfy the requirements of 'a written statement by the fact

15  finders as to the evidence relied on and reasons for revoking parole,' *Morrissey*, 408 U.S. at 489,

16  any error was harmless because, as the Court of Appeals concluded, the transcript establishes the

17  evidence relied on and the reasons for the hearing officer's decision." (Dkt. No. 35 at 40; Dkt.

18  No. 41 at 34.) Petitioner claims "the error itself requires reversal." (*Id.* at 34) (citing *Cashaw*).

19  However, for the same reasons as above, *Cashaw* is not applicable and the Court must find

20  substantial and injurious effect. Therefore, Petitioner's objection is OVERRULED.

21        Petitioner also objects to Judge Theiler's finding that the transcript establishes the

22  evidence relied on and the reasons for the hearing officer's decision. (Dkt. No. 41 at 35.)

23  Petitioner argues that the hearing officer's reasons were conflicting and inconsistent. (*Id.*)

24  However, this Court agrees with Judge Theiler that the transcript establishes the evidence relied

25  on for the decision to revoke Petitioner's community custody. Petitioner entered knowing and

26  willing guilty pleas for violations 1 and 4 and it was clear from the record he was not reporting

1  and was not available for testing, as required for violations 2 and 3. (Dkt. No. 35 at 2–4) (citing

2  Dkt. No. 18, Ex. 2 at 2–4). Therefore, there was no substantial or injurious effect. As such,

3  Petitioner's objection is OVERRULED the Court ADOPTS Judge Theiler's recommendation to

4  DENY Ground 9.

5          e.   *Equal Protection (Ground 7)*

6          Petitioner does not object to Judge Theiler's recommendation that his equal protection

7  claim be denied. Judge Theiler determined that Petitioner failed to establish that the Court of

8  Appeals's rejection of his equal protection claim was contrary to clearly established federal law

9  "because the Supreme Court has not addressed equal protection in the context of revocation of

10  release on probation, parole, community custody, or the equivalent." (Dkt. No. 35 at 42.)

11  Additionally, Judge Theiler found that "Petitioner does not establish that the Court of Appeals

12  unreasonably applied the Supreme Court's equal protection jurisprudence in concluding that he

13  failed to show that two other offenders were similarly situated." (*Id.*) The Court agrees with

14  Judge Theiler's analysis, (*id.* at 41–43), and therefore ADOPTS her recommendation to DENY

15  Ground 7.

16          f.   *Retaliation (Ground 8)*

17          Petitioner previously notified the Court that he "withdraws his retaliation claim." (Dkt.

18  No. 32 at 6.) Therefore, the Court ADOPTS Judge Theiler's recommendation to DENY Ground

19  8 without prejudice.

20      **D.   Certificate of Appealability**

21          A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

22  dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

23  district or circuit judge. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only

24  where a petitioner has made a "substantial showing of the denial of a constitutional right." 28

25  U.S.C. § 2253(c)(3). This is satisfied "by demonstrating that jurists of reason could disagree with

26  the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Judge Theiler recommends that Petitioner be granted to a certificate of appealability with respect to Grounds 4 and 6 of his habeas petition. (Dkt. No. 35 at 44.) Petitioner does not object. The Court agrees and ADOPTS Judge Theiler's recommendation. Petitioner may appeal Grounds 4 and 6.

## III.   CONCLUSION

For the foregoing reasons, Petitioner's objections (Dkt. No. 41) are OVERRULED and the Court ADOPTS Judge Theiler's Report and Recommendation (Dkt. No. 35) in full. Petitioner's request for evidentiary hearing (Dkt. No. 26) and Respondent's motion for *in camera* review (Dkt. No. 30) are DENIED. Grounds 1–7, 9, and 10 are DISMISSED with prejudice. Ground 8 is DISMISSED without prejudice. However, Petitioner is GRANTED a certificate of appealability with respect to Grounds 4 and 6. Petitioner's emergency motion (Dkt. No. 43) is DENIED as moot. Finally, the Court is sympathetic to Petitioner's frustrations with the harmless error standard that must be met even when a constitutional error is found; however, it is not for this Court to overrule binding Supreme Court precedent that mandates applying the standard.

DATED this 13th day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE